**XIUZHI LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–4209–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2010.

Gerald Karikari, New York, NY, for Petitioner.

Varuni Nelson, Scott Dunn, Margaret M. Kolbe, Assistant United States Attorneys (Dione M. Enea, Special Assistant United States Attorney, of Counsel; Benton J. Campbell, United States Attorney, Eastern District of New York), Brooklyn, NY, for Respondent.

PRESENT: ROGER J. MINER, PETER W. HALL and DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Xiuzhi Li, a native and citizen of the People's Republic of China, seeks review of a September 11, 2009 order of the BIA, affirming the December 19, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiuzhi Li,* No. A099 320 448 (B.I.A. Sept. 11, 2009), *aff'g* No. A099 320 448 (Immigr. Ct. N.Y. City Dec. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the agency's adverse credibility determination. *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). Under the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 302 (May 11, 2005), the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of her account, and inconsistencies in statements, without regard to whether they go to the heart of the asylum claim. 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the agency reasonably relied on: (1) inconsistencies in Li's testimony regarding the date when Chinese authorities discovered her practice of Christianity and the date of her baptism; (2) her demeanor; and (3) a lack of reliable corroboration. *See id.* In addition, the agency reasonably found that Li's submission of potentially fraudulent documents undermined her overall credibility. *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007).

Accordingly, because Li based her withholding and CAT claim on the same factual predicate as her asylum claim, the IJ's adverse credibility determination was fatal to her application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Furthermore, although Li argued that she established a pattern or practice of persecution against Chinese Christians, substantial evidence supports the IJ's finding that persons similarly situated to Li are not routinely singled out for persecution in China. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of· Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).